**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 02-4276

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MELTON KEITH WILLIAMS,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-01-138-V)

———————

Submitted: January 21, 2004        Decided: February 23, 2004

———————

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Tolly A. Kennon, III, KENNON & ASSOCIATES, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Melton Keith Williams was convicted of being a felon in possession of a firearm, under 18 U.S.C. § 922(g) (2000), and sentenced to seventy-seven months imprisonment. He appeals, raising five issues. For the reasons that follow, we affirm.

First, Williams alleges that his § 922(g) conviction is unconstitutional under the reasoning of the Supreme Court's opinion in United States v. Lopez, 514 U.S. 549 (1995). This court has expressly rejected such a claim. United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996). To the extent Williams argues that his conviction violates the Tenth Amendment and the Fifth Amendment Due Process Clause, we have also rejected these arguments. See United States v. Bostic, 168 F.3d 718, 724 (4th Cir. 1999) (Tenth Amendment); United States v. Mitchell, 209 F.3d 319, 323 (4th Cir. 2000) (Fifth Amendment).

Second, Williams' instant federal prosecution, following his state prosecution by North Carolina for the same offense, does not violate the Double Jeopardy Clause because of the dual sovereignty doctrine. Rinaldi v. United States, 434 U.S. 22, 28 (1977).

Third, we find that the Government did establish the interstate commerce element of the crime. The evidence revealed that both weapons at issue were manufactured outside the state of possession. See United States v. Gallimore, 247 F.3d 134, 138 (4th

Cir. 2001); <u>United States v. Nathan</u>, 202 F.3d 230, 234 (4th Cir. 2000).

Next, we find that Williams has failed to show that the district court erred by denying his motion for a new trial on the grounds of prosecutorial vindictiveness.  Williams has failed to show that the prosecutor had a "genuine animus" toward him, <u>United States v. Wilson</u>, 262 F.3d 305, 314 (4th Cir. 2001), and the Government clearly had probable cause to believe he committed the crime.  <u>United States v. Armstrong</u>, 517 U.S. 456, 464 (1996).

Finally, we find no merit to Williams' claim that he was denied the right to a fair trial because there was conflicting testimony from the Government's witnesses.  Williams' allegations amount to little more than minor discrepancies; the relevant facts of Williams' possession of the guns and his status as a felon are unblemished.  <u>See</u> <u>United States v. Johnson</u>, 55 F.3d 976, 979 (4th Cir. 1995).  This court does not make credibility determinations on appeal.  <u>United States v. Burgos</u>, 94 F.3d 849, 868 (4th Cir. 1996).

Accordingly, we affirm Williams' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>